**EUROPA AUTO IMPORTS, INC.,
doing business as Mercedes–Benz
of San Diego, Petitioner**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

**Machinists Automotive Trades District
Lodge 190, AFL–CIO, Intervenor.**

**Nos. 11–1458, 11–1488.**

United States Court of Appeals,
District of Columbia Circuit.

Aug. 11, 2014.

James F. Hendricks, Lewis Brisbois Bisgaard & Smith, LLP, Chicago, IL, for Petitioner.

Usha Dheenan, Linda Dreeben, John H. Ferguson, Micah Prieb Stoltzfus Jost, Nina Hirschfeld Schichor, National Labor Relations Board, Washington, DC, for Respondent.

David A. Rosenfeld, Caren Pamela Sencer, Weinberg, Roger & Rosenfeld, Alameda, CA, for Intervenor.

Before: GARLAND, Chief Judge,
ROGERS, Circuit Judge, and
SENTELLE, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

On January 16, 2013, we first concluded that oral argument would not assist the court in the resolution of this case and issued a per curiam order to that effect. On February 19, 2013, we held this case in abeyance in consideration of this court's opinion in *Noel Canning, a Division of the Noel Corporation v. NLRB*, 705 F.3d 490 (D.C.Cir.2013). That opinion was affirmed by the Supreme Court in *NLRB v. Noel Canning, et al.*, —— U.S. ——, 134 S.Ct. 2550, 189 L.Ed.2d 538 (2014).

Accordingly, we note again that this petition for review was considered upon the briefs of the parties and the joint appendix. *See* Fed R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Although the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* D.C.Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that this case be removed from abeyance, that the petition for review be denied, and that the cross-application for enforcement be granted.

On August 31, 2010 Respondent, the National Labor Relations Board ("NLRB" or "the Board"), conducted an election in which the majority of the eligible employees at Petitioner Europa Auto Imports Inc. voted to be represented by the Machinists Automotive Trade District Lodge 190, AFL–CIO ("the Union"). Petitioner refused to recognize, bargain with, or furnish requested information to the Union. The NLRB concluded that petitioner had engaged thereby in unfair labor practices. The employer now petitions for review of that decision of the Board. The Board cross-petitions for enforcement of portions of its order relating to the Union's information request.

The NLRB is afforded a "wide degree of discretion" in its decision whether or not to certify a union. *NLRB v. A.J. Tower Co.*, 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322 (1946). Pursuant to statute, the Board's findings are conclusive "with respect to questions of fact if supported by

substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e). Petitioner cannot overcome the Board's substantial evidence here.

Petitioner raises two issues. The first goes to the certification of the Union as a collective bargaining representative and is based on the disqualification of three voters. It is not utterly clear from the record that counting these votes would have changed the result of the election. Even if it would have done so, as the Board seems to assume in its brief, this argument is meritless. Petitioner raises here and before the Board its claim that the Board agent should not have denied ballots to two employees. However, "challenges to the eligibility of voters [must] be made prior to the actual casting of ballots." *A.J. Tower Co.*, 329 U.S. at 331, 67 S.Ct. 324. Petitioner did not timely challenge the exclusion of these two employees, and as a result the Board was within it discretion to dismiss those claims. Petitioner claims that the Board improperly excluded a third employee on the basis that he is a supervisor pursuant to statute. We do not agree, and conclude that the Board based this exclusion on substantial evidence, that is, undisputed testimony that the employee had independent authority to promote an apprentice. In short, we conclude that the Board validly certified the Union.

Petitioner's second issue goes to the manner in which the Board rendered its decision which found that petitioner engaged in unfair labor practices. Insofar as petitioner advances this argument, it is adequately answered by the Board's response that the order need not list voters by name nor issue them challenged ballots when the Board has already determined that they are ineligible to vote.

Finally, we conclude that the Board is entitled to summary enforcement of its findings that petitioner failed to provide relevant information to the Union. Petitioner failed to raise this issue in its opening brief and therefore waives it. *See* Fed. R.App. P. 28(a)(8)(A). *New York Rehab. Care Mgmt. v. NLRB*, 506 F.3d 1070, 1076 (D.C.Cir.2007). As a result, summary enforcement is appropriate. *Wayneview Care Ctr. v. NLRB*, 664 F.3d 341, 347 (D.C.Cir.2011).

Because the Board's actions are supported by substantial evidence, we uphold the election certification and deny the petition for review. We grant the cross-petition for summary enforcement of the Board's order.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.